Filed 3/28/13  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DAVID DOYLE JOHNSON,<br><br>     Defendant and Appellant. | C070854<br><br>(Super. Ct. Nos.<br>MCRDCRF110000731,<br>MCRDCRF110004971) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having reviewed the record as required by *Wende*, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

We provide the following brief description of the facts and procedural history of the case.[1]  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

---

[1] Our statement of facts is taken from the probation officer's report and is limited to the matters resolved by defendant's plea.

1

In February 2011, in case No. MCRDCRF110000731, defendant David Doyle Johnson entered the residence of the victim, his former cohabitant, who was in the process of ending their relationship of several years. Defendant took the victim's car keys, cellular phone and cash from her purse. They began to argue and, when the victim attempted to leave, he pushed her to the ground and struck her in the face. He would not allow her to leave the residence, nor would he return the cell phone so she could call law enforcement. The next day she contacted law enforcement after driving defendant to his residence.

In November 2011, in case No. MCRDCRF110004971, defendant acknowledged to the Shasta County District Attorney's Bad Check Unit that he had written a number of checks on accounts that had been closed or did not contain sufficient funds.

Defendant pleaded no contest to infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)) and false imprisonment by violence (Pen. Code, §§ 236, 237) (case No. MCRDCRF110000731), and writing checks without sufficient funds (Pen. Code, § 476a, subd. (a)) (case No. MCRDCRF110004971). In exchange, several related counts and a strike allegation were dismissed. In addition, an unrelated infraction was dismissed with a *Harvey* waiver.[2]

Imposition of sentence was suspended and defendant was placed on probation for three years on the condition, among others, that he serve 365 days' incarceration with credit for 365 days; he waived presentence credit in excess of that amount. Defendant was ordered to make restitution to his victims and to pay a $1,200 restitution fine (Pen. Code, § 1202.4), a $1,200 restitution fine suspended unless probation is revoked (Pen. Code, § 1202.44), a $200 fine (Pen. Code, § 672) plus penalty assessments, a $400 domestic violence fine (Pen. Code, former § 1203.097, subd. (a)(5) [now $500]), a

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

$120 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $90 court facilities assessment (Gov. Code, § 70373). Defendant was also ordered to pay costs of probation services and jail booking fees.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


                                                       MURRAY        , J.


We concur:


_____BLEASE_____, Acting P. J.


_____MAURO_____, J.